UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                :

SHELLIE LUKE-REED,              :

                                :          CASE NO. 1:11-CV-01346

             Plaintiff,            :

                                :

vs.                                :          OPINION & ORDER

                                :          [Resolving Doc. No. 39]

CAROLYN W. COLVIN,          :

Acting Commissioner of Social Security,    :

                                :

            Defendant.          :

                                :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Plaintiff Shellie Luke-Reed seeks an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $10,685.[1]  This amount represents the attorney's contingency fee of 25% of past-due benefits awarded to Plaintiff, less the $7255.60 already awarded to counsel pursuant to 42 U.S.C. 406(a).[2]  The Commissioner states that she has a role "resembling that of a trustee" for the Claimant.[3]  As a result, she does not assent or object to the fee request.  Rather, the Commissioner submitted a brief to make the Court "aware" that, in some circumstances, other courts have lowered the fees awarded based on a high hypothetical attorney hourly rate at the requested fee amount.

       Under Sixth Circuit law, there is a presumption that an attorney should receive the full 25%

---

[1] Doc. 39.
[2] *Id.*
[3] Doc. 41.

Case No. 1:11-CV-1346
Gwin, J.

contingency fee.  However, a Court can find that the presumption has been rebutted in two circumstances: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."[4/]  There are no allegations of improper conduct of ineffective assistance of counsel in this case.  Rather, the question at hand is whether awarding the full fees requested would produce an undue windfall for the attorneys.

To assess the financial benefit to the attorneys, courts have looked to the hypothetical hourly rate resulting from the contingency fee award.  The Sixth Circuit has held that a windfall has *per se* not occurred when the hypothetical hourly rate is less than twice the standard rate of work in the relevant market.[5/]  In *Cortes v. Colvin*[6/] a sister court in this District recently assessed a 406(b) attorney fee request from the same law firm.  After a thorough review of reasonable attorney hourly rates in the Northern District of Ohio, the *Cortes* court determined that $176.95 was the prevailing market rate for the attorney's work.[7/]  After being doubled under *Hayes,* the *Cortes* court awarded an attorney hourly rate of $353.90.  The *Cortes* court found that the proposed rate for the paralegal's work—$89.79 doubled to $179.58— was reasonable.[8/]

The Court agrees with the calculations made in *Cortes.*  The Court finds that an attorney hourly rate of $176.95 is reasonable for the market.  The requested paralegal rate of $89.79 per hour is reasonable.  Under the *Hayes* standard, Plaintiff's counsel should be given contingency fees that

---

[4/] *Rodriquez v. Brown,* 865 F.2d 739, 746 (6th Cir. 1989).
[5/] *Hayes v. Sec'y of Health and Human Servs.,* 923 F.2d 418, 422 (6th Cir. 1990) ("[A] windfall can never occur when . . . the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.")
[6/] 2014 WL 4472613 at *3-4 (N.D. Ohio Sept. 10,  2014).
[7/] *Id.*
[8/] *Id.*

Case No. 1:11-CV-1346
Gwin, J.

represents at least double these hypothetical hourly rates.  With 14.3 hours of attorney work and 5.3 hours of paralegal work, the *Hayes* floor is $6012.54.[9]

In the case at hand, anything beyond $6012.54 would be a windfall.[10]  As a result, the Court **GRANTS** Plaintiff's motion for attorney fees in the amount of $6012.54.

**IT IS SO ORDERED.**

Dated: September 9, 2015                          s/         *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[9] $6012.54 is 14.3 hours worked by attorneys Petit and Balin at a rate of $353.90  hour, plus 5.3 hours worked by paralegal Sunderman at 179.58 per hour.

[10] Counsel has already received $7255.60 in fees  that counts towards the full $25% contingency fees.  With the award given in this order, counsel will receive $13,268.14 in total for 14.3 hours of attorney time.  After accounting for the 5.3 hours of paralegal time, that is still a generous $861.28 per hour of attorney time.  While the reductions outlined above would be within the Court's discretion even if the extra $7255.60 had not already been paid, fee reduction in this case is particularly appropriate given the large benefit awarded for "minimal effort expended."